UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRITTENTON ZAYAK,<br><br>            Petitioner,<br><br>    v.<br><br>WARDEN, FCI MENDOTA,<br><br>            Respondent. | No. 1:23-cv-00490-HBK (HC)<br><br>ORDER GRANTING RESPONDENT'S MOTION TO DISMISS[1]<br><br>(Doc. No. 10) |

Petitioner Crittenton Zayak ("Petitioner"), a former federal inmate, initiated this action on March 31, 2023, by filing a pro se petition for writ of habeas corpus under 28 U.S.C. § 2241 while he was incarcerated at Federal Correctional Institution ("FCI") Mendota, located in Fresno County, California, which is within the venue and jurisdiction of this Court. (Doc. No. 1, "Petition"). The Petition challenges the execution of Petitioner's sentence. (*Id*.). Specifically, the Petition raises one claim: the Bureau of Prisons ("BOP") unlawfully "deleted" 108 days of previously awarded earned time credits. (Doc. No. 1 at 1-3). Petitioner requests that the Court order the BOP to restore his 108 days of time credits, resulting in a "tentative" projected release date of October 19, 2023. (Doc. No. 1 at 3).

In response, Respondent filed a Motion to Dismiss with Appendix on August 29, 2023.

---

[1] Both parties have consented to the jurisdiction of a magistrate judge, in accordance with 28 U.S.C. § 636(c)(1). (Doc. No. 14).

1

(Doc. No. 10, 10-1).  Respondent argues the Court lacks jurisdiction because Petitioner has received the relief requested in the Petition; and in the alternative, dismissal is mandatory because Petitioner did not exhaust his administrative remedies.  (Doc. No. 10 at 2-3).  Petitioner did not file a response to the motion, nor request an extension of time to respond, and the time for doing so has expired.  (*See* Doc. No. 5 at ¶ 4, advising Petitioner that he has twenty-one (21) days to file a response if Respondent files a motion to dismiss).  For the reasons set forth more fully herein, the Court grants Respondent's Motion to Dismiss.

## I. BACKGROUND

In 2017, Petitioner pled guilty in the Southern District of California for two counts of unlawful distribution of illicit drugs (heroin and methamphetamine) in violation of 21 U.S.C. § 841(a)(1); and he was sentenced to serve concurrent terms of 77 months of federal incarceration. *See United States v. Zayak*, 3:17-cr-03095-JAH-1, Crim. Doc. Nos. 15, 45-46, 61 (S.D. Cal.).[2]  At the time Petitioner filed the Petition, he was incarcerated in FCI Mendota.  However, after Petitioner filed the instant Petition, the BOP completed an update of Petitioner's sentence computation and he was received a total of 326 days of credit, including the 108 days of earned time credit between December 4, 2018 and March 21, 2019 Petitioner seeks credit for in the Petition, resulting in a projected release date of October 19, 2023 via good conduct time.  (Doc. No. 10-1 at 3).  The Court's *sua sponte* search of the BOP inmate locator database indicates that Petitioner was released from custody on October 19, 2023.[3]

## II. APPLICABLE LAW AND ANALYSIS

Under Rule 4, if a petition is not dismissed at screening, the judge "must order the respondent to file an answer, motion, or other response" to the petition.  R. Governing 2254 Cases 4.  The Advisory Committee Notes to Rule 4 state that "the judge may want to authorize the respondent to make a motion to dismiss based upon information furnished by respondent."  A

---

[2] The undersigned cites to the record in Petitioner's underlying SDCA criminal cases as "Crim. Doc. No. _."

[3] *See* BOP Inmate Locator, https://www.bop.gov/inmateloc (last visited October 23, 2023).  The Court may take judicial notice of information on official government websites.  *McClure v. Ives*, 2010 WL 716193, at *3 (E.D. Cal. Feb. 26, 2010).

1  motion to dismiss a petition for writ of habeas corpus is construed as a request for the court to
2  dismiss under Rule 4 of the Rules Governing Section 2254 Cases. *O'Bremski v. Maass*, 915 F.2d
3  418, 420 (9th Cir. 1990). Under Rule 4, a district court must dismiss a habeas petition if it
4  "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d
5  687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998).

**A. Mootness**

Under Article III, Section II of the Constitution, a federal court's jurisdiction is limited to adjudication of "live" cases and controversies. *See Hollingsworth v. Perry*, 570 U.S. 693, 705 (2013) ("Article III demands that an actual controversy persist throughout all stages of litigation.") (internal quotation marks omitted); *see also Arizonans for Official English v. Arizona,* 520 U.S. 43, 67 (1997) (Article III's "cases" and "controversies" limitation requires that "an actual controversy . . . be extant at all stages of review, not merely at the time the complaint is filed,") (internal quotation marks omitted). Federal courts consider various doctrines, including "standing," "ripeness," and "mootness" to ascertain whether a meets the "case and controversy" requirement. *See Poe v. Ullman*, 367 U.S. 497, 502-505 (1961). To maintain a claim, a litigant must continue to have a personal stake in all stages of the judicial proceeding. *Abdala v. INS*, 488 F.3d 1061, 1063 (9th Cir. 2007) (internal citation omitted). A case must be dismissed if it becomes moot at any stage. *See City of Mesquite v. Aladdin's Castle*, 455 U.S. 283, 288 (1982). In the context of a habeas petition, the "case or controversy requirement requires a finding of mootness if (1) the petitioner has received the relief requested in the petition; or (2) the court is unable to provide the petition with the relief sought." *Aniyeloye v. Birkholz,* 2023 WL 4868545, at *1 (C.D. Cal. July 31, 2023) (citing *Munoz v. Rowland*, 104 F.3d 1096, 1097-98 (9th Cir. 1997)); *see also Dominguez v. Kernan*, 906 F.3d 1127, 1132 (9th Cir. 2018) (case is moot when it is "impossible for a court to grant any effectual relief" on petitioner's claim).

Moreover, absent collateral consequences, a "habeas petition does not continue to present a live controversy once the petitioner is released from custody." *Abdala*, 488 F.3d at 1064; *see also Kelley v. Brewer*, 2023 WL 2992823, at *3 (E.D. Cal. Apr. 18, 2023) ("there is nothing capable of being redressed by a favorable judicial decision because the BOP has already

calculated his FSA credits and released [the petitioner]. In other words, petitioner's case is moot absent demonstrable collateral consequences arising from BOP's calculation of his FSA credits."); *Fower v. Birkholz*, 2023 WL 3828775, at *1 (C.D. Cal. May 4, 2023) ("Petition is moot because Petitioner obtained the relief he sought in the Petition – release from BOP custody after the application of his FSA credits.").

Here, Petitioner has received the relief he has requested in the Petition: re-calculation and award of 108 days of earned time credit resulting in release from BOP custody on his projected release date of October 19, 2023. Thus, the Petition is moot. Because the Petition is moot, the Court lacks jurisdiction to consider any claims raised in the Petition.

Accordingly, it is **ORDERED**:

1. Respondent's Motion to Dismiss (Doc. No. 10) is GRANTED.
2. The Petition for Writ of Habeas Corpus (Doc. No. 1) is DISMISSED as moot.
3. The Clerk of Court is directed to terminate any pending motions and close this case.

Dated:   October 24, 2023

*/s/ Helena M. Barch-Kuchta*
HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE